UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STERLING TERRELL CLEGGETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:15CV733HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Sterling Terrell Cleggett's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Case Management Order. On October 24, 2018, the Court held a hearing Petitioner's claim that counsel did not file a notice of appeal for him in response to Petitioner's request.

## PROCEDURAL HISTORY

On August 31, 2011, Petitioner was charged in a criminal complaint. He was subsequently charged in a superseding indictment with: (1) conspiring with 11 others to distribute and possess with intent to distribute in excess of five kilograms of cocaine, 280 grams of cocaine base, and 50 kilograms of marijuana (Count I); (2) conspiring to commit murder for hire (Count II); (3) possessing with intent to

distribute marijuana (Count IV); (4) possessing a firearm in furtherance of a drug trafficking crime (Count V); and (5) being a felon in possession of a firearm (Count VI).

Petitioner was initially represented by defense attorney Patrick Kilgore; however, attorney Henry Miller, Jr. was subsequently appointed to represent him. Evidentiary hearings were held on Petitioner's motions to suppress evidence and identification. A jury trial was set for February 24, 2014.

After engaging in plea negotiations, Petitioner appeared before this Court on February 21, 2014, and entered guilty pleas pursuant to a Guilty Plea Agreement with the Government. As part of the guilty plea agreement, Petitioner voluntarily agreed to plead guilty to Counts I, IV and V and waive his right to file any motion for reduction of sentence that may arise as a result of the then-proposed Sentencing Guideline changes. In exchange, the Government agreed: (1) to move for the dismissal of Counts III and VI at the time of sentencing; (2) to move to strike its previously filed criminal information pursuant to 21 U.S.C. § 851 detailing Petitioner's prior drug convictions, thereby reducing the mandatory minimum sentence from life to ten years; (3) to forgo the filing of a second charge under 18 U.S.C. § 924(c) which would result in a sentence of not less than 25 years; and (4) that no further federal prosecution would be brought relative to the conspiracy from 2009 to 2011.

Additionally, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that Petitioner's sentence on Count I should be 222 months, to be followed by a 60-month consecutive sentence on Count V, for an aggregate sentence of 282 months. Petitioner waived his right to appeal the conviction and sentence in the event the Court sentenced him pursuant to the agreement. Petitioner further waived his right to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

During the change of plea hearing, Petitioner was placed under oath and this Court engaged Petitioner in a colloquy to assure that his plea was knowing and voluntary. Specifically, the Court inquired into Petitioner's age, educational background, physical and mental health, sobriety, ability to hear, and ability to understand the proceedings.

The Court also inquired as to Petitioner's satisfaction with the services of his attorney and the following exchange occurred:

Q (By The Court) Now, Mr. Petitioner, have you had enough time to review your case and talk about it with your lawyer?

A Yes, sir.

Q Are you satisfied with the advice that he's given you in the case?

A Yes, sir.

3

Q Has he answered all of your questions for you fully, completely, and to your satisfaction?

A Yes, sir.

Q Is there anything that you wanted to know about your case or that you needed to know about your case that you're still confused about?

A No, sir.

Q Is there anything about your case that you still don't understand?

A No, sir.

Q All right. Were there any witnesses that you wanted your lawyer to do or that your lawyer should have done for you that he didn't do?

A No, sir.

Q Was there any information that you wanted your lawyer to get from the Government regarding your case or that he should have gotten from the Government regarding your case that he didn't get?

A No, sir.

Q Was there anything at all that you wanted your lawyer to do for you in the case that he's failed to do or refused to do for you?

A No, sir.

Q Are you fully satisfied with all the work that he's done?

A Yeah. Yes, sir.

Q Do you have any complaints about your lawyer in any way in this case?

A No, sir.

    The Court then reviewed the trial rights Petitioner was giving up by pleading

guilty and Petitioner admitted that he had discussed those rights with his attorney. Petitioner further admitted reviewing the plea agreement document, including the facts, charges and range of punishment with his lawyer and also acknowledged signing the agreement. The statutory ranges of punishment for the counts to which Petitioner was pleading guilty were read on the record and Petitioner admitted that he understood and had no questions about those ranges.

Petitioner denied that anyone was forcing him or threatening him in order to get him to plead guilty and admitted that he was pleading guilty voluntarily and of his "own free will." Petitioner further acknowledged that he understood everything set out in the plea agreement document "from page 1 all the way up to page 18."

Following a recitation of the agreement, the Court asked Petitioner whether he heard everything the prosecutor said and he agreed that he did. Further, the Court inquired whether the recitation expressed the way Petitioner understood the plea agreement and he agreed that it did. Petitioner further indicated that nothing in the recitation had surprised him.

Petitioner admitted that the facts read in open court were true and correct. Petitioner then specifically admitted the elements of Counts I, IV, and V.

This Court accepted Petitioner's guilty pleas and found beyond a reasonable doubt that Petitioner was in fact guilty of Counts I, IV and V. The Court ordered the preparation of a Presentence Investigation Report (PSR). The United States Probation Office concluded that the advisory sentencing guideline range was 262-327 months as a result of the total offense level of 34 and the criminal history category of VI.

Following a hearing on May 14, 2014, the Court sentenced Petitioner to an aggregate term of 282 months, exactly as contemplated by the parties' agreement.

Following the pronouncement of sentence, the Court engaged Petitioner in a colloquy regarding his appeal rights and inquired as to whether or not Petitioner wished to file a notice of appeal. On the record, Petitioner specifically stated that he did not wish to file a notice of appeal. That same day, Petitioner filed a Certification of Compliance with Local Rule 12.07 form bearing his signature which indicated that he did not wish to file a notice of appeal.

In accord with the certification, Petitioner did not file an appeal. Contrary to the plea agreement, Petitioner filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines on March 30, 2015. Doc. 752. The Federal Public Defender was appointed to represent Petitioner on this § 3582/Amendment 782 motion and filed its own motion. Recognizing that Petitioner has waived his right to file such a motion, the Federal

6

Public Defender moved to withdraw it. This Court granted that motion on May 1, 2015 and entered a judgment denying Petitioner's pro se motion on May 4, 2015. Doc. 766.

On May 14, 2015, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 requesting that his conviction and sentence be vacated.

## CLAIM FOR RELIEF

In his § 2255 motion, Petitioner alleges that he received ineffective assistance of counsel. Specifically, Petitioner argues that his counsel was ineffective because he: Failed to adequately advise Petitioner regarding: the plea negotiations; the rights he was giving up by pleading guilty; his sentencing exposure; the information needed to make an intelligent decision of whether to plead guilty or risk trial. Further, Petitioner argues counsel was ineffective due to the complete breakdown of the attorney-client relationship and failed to file a requested notice of appeal.

## STANDARD FOR RELIEF UNDER 28 U.S.C. 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the Petitioner must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A Petitioner "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## **DISCUSSION**

**RIGHT TO EVIDENTIARY HEARING**

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d

1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a Petitioner is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the Petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). The Court conducted a hearing on Petitioner's claim that counsel failed to file a requested notice of appeal on October 24, 2018. Petitioner's other claims of ineffective assistance of counsel are refuted by the record.

### **Standard for Ineffective Assistance of Counsel**

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness."

9

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the Petitioner show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Petitioner's claims regarding counsel's advice is belied by the record. Petitioner advised the Court, in open court and under oath, that he was fully satisfied with the work his lawyer had done for him. When asked if there was anything he wanted his lawyer to do that he failed to do, Petitioner advised the

Court in the negative. The Court specifically asked Petitioner if anyone had given him any prediction or promise as to exactly what his sentence would be from the Court. Petitioner categorically denied any predictions or promises under oath and he specifically indicated that he understood that the sentence imposed was entirely within the authority of the Court. Likewise, when asked if there was anything at all that Petitioner wanted from his lawyer, Petitioner denied same. Petitioner's claim now that counsel failed is a crystal clear attempt to avoid the consequences of the crime to which Petitioner voluntarily entered a guilty plea.

Petitioner alleges that his counsel failed to thoroughly explain the charges and evidence against him, failed to properly pursue plea negotiations, and advised him to take a Government offered plea without explaining the ramifications. He fails to specify what was not explained to him or what avenue attorney Miller should have pursued during negotiations that he did not. Attorney Miller has provided an affidavit, detailing the efforts he made on Petitioner's behalf. Those efforts include advising Petitioner of all aspects and options of his case, as well as providing Petitioner with discovery, legal research, and correspondence with the Government. Moreover, the record is replete with evidence contradicting Petitioner's self-serving, conclusory allegations that he did not understand the charges or facts of the case. Prior to his guilty plea before the Court, Petitioner stated, under oath, that he had had enough time to review his case and the charges

and talk about them with his lawyer. Further, Petitioner acknowledged that he had read and discussed the plea agreement before signing it. He further indicated that he understood all of the terms of the plea agreement. After being asked in detail about his attorney's performance, Petitioner denied having any complaint whatsoever against his attorney. Great weight should be given to the "representations of the defendant … as well as findings made by the judge accepting the plea" as they "constitute a formidable barrier" to any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Attorney Miller successfully negotiated an agreement that enabled Petitioner to avoid a life sentence and instead serve 282 months imprisonment.

Nor can Petitioner satisfy the prejudice prong of the *Strickland* standard in a guilty plea context. Petitioner must establish that but for counsel's performance, there is a reasonable probability the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "[E]ven if defense counsel's performance was somehow deficient by giving [Petitioner] a faulty sentencing prediction, [Petitioner] cannot establish that but for this error, he would not have pleaded guilty, but instead proceeded to trial. He was given all of the relevant information, and chose to plead guilty anyway. [Petitioner] therefore cannot establish *Hill* prejudice. 474 U.S. at 59, 106 S.Ct. 366." *U.S. v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007).

With respect to Petitioner's claim that there was a breakdown of communication between counsel and Petitioner, the record is clear that this self-serving claim is meritless. Petitioner admitted under oath and in open court that counsel had performed as Petitioner had wanted him to perform; that he explained everything to him; and that there was nothing Petitioner sought from counsel that counsel did not do regarding his case.

At the hearing on the issue of appeal, Petitioner testified that he called counsel numerous times, but did not leave any request for him to file an appeal. He never testified that he told counsel that he wanted to file an appeal. Although Petitioner testified that counsel told him that even though he signed the waiver form and did not advise the Court that he wanted to file an appeal, he could do so, this testimony is not credible in light of all of the evidence in the record that Petitioner was thoroughly advised throughout the case of what he was giving up by entering a guilty plea. Petitioner's hindsight self-serving testimony fails to outweigh the substantial evidence in the record that Petitioner voluntarily waived his right to file an appeal.

## **CONCLUSION**

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing on any issues other than the issue of whether he told counsel

to perfect an appeal and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a

federal constitutional right.

A separate judgment is entered this same date.

Dated this 19th day of November, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE